Judge Owsley
delivered the Opinion of the Court.
[Absent Chief Justice Bibb.]
Messick brought an action at law against Scott, and declared in assumpsit upon two counts.
The first count states, “that whereas Scott was indebted to Messick in the sum of $200 25 cents, lawful money of Kentucky, on the day of at the circuit, &c, for work and labor, in laying one hundred and thirty-three perch of stone, in the wall of said Scott, which before that time was done and performed by him, the said Messick, at the special instance and request of the said Scott; and also for divers materials and other things, by the said Messick before that time found and provided, used and applied in and about the said work of him, the said Scott, at his special instance and request; and being so indebted, the said defendant, in consideration thereof, afterwards, &c. on the day, &c. undertook and promised said Messick, to pay him said sum of money, when he should be thereto requested, &c.
And the second count states, that whereas, also afterwards, to wit: on the day and year last aforesaid, at &c. in consideration that the said Messick, at the special instance and request of the said Scott, had before that time, done and performed other work and labor, as a stone mason, in and about the building of him, the said Scott, and had also, at special instance and request, before that time, provided divers other materials and other things, ami used the same about the work, &c. he the said Scott, undertook and faithfully promised to pay said Messick as much money as he reasonably deserved to have therefor; and the said Messick avers, that he reasonably deserved, to have of him, the said Scott, therefor, the further sum of $ like lawful money, &c.
Non-assumpsit was pleaded and a trial thereupon had.
Motion for non-suit overruled.
Evidence given on the trial.
If an agent, in contructing for his principal's benefit, promise to pay in his own name, he is bound.
Where the work is performed on an agreement to pay money, however special it may have-been in other respect, the court of indebetalus assumpsit is sufficient
*536 After tho evidence was through, a motion was made by Scott, for instructions to the jury, to find, as in case of a nonsuit; but his motion was overruled by the court, and all the evidence spread upon the record, by bill of exceptions.
It appears from the evidence, that Mary Scott, being desirous to have a building erected upon her land, placed money in the hands of the appellant, to pay for the work, and appointed him her agent, to employ workmen; that he accordingly contracted with Messick to do the stone work of the building, and promised to pay him therefor, nine shillings per perch; and that Messick, in conformity to the contract, actually put up one hundred and thirty-nine perch of stone, for which he has received no pay. The foregoing are the material facts which we understand the evidence, that was introduced to tho jury, conduced to prove; and the question is, whether or not, admitting tho facts to be established, the cause of action, as set out in the declaration of Messick is, in point of law, supported?
That the case made out by the proof, goes to fix upon the appellant a liability for the work done by Messick, is a proposition about which no reasonable doubt can be entertained. The contract under which the work and labor is proved to have been done, appears, it is true, not to have been made by the appellant for his own use and benefit; but it was undoubtedly competent for him, whilst acting as agent for Mary Scott, and holding in his hands her funds, to bind himself personally to pay for the work that he procured Messick to perform; and that, we apprehend, he is proved to have done, by expressly promising Messick to pay him for the work.
The liability of the appellant must, however, be admitted to have arisen from his contract with Messick, and it may be contended, that to authorized recovery against him, the contract should have been specially declared on; and as that was not done, it may be urged that, under the general counts contained in the declaration of Messick in this case, there can be no recovery. But it should be recollected, that the work is proved to have been *537 performed by Messick, and the doctrine is well settled, that with respect to debts for work and labor, or other personal service, however special the agreement was, yet if it was not under seal, and the terms of it have been performed on the plaintiff’s part, and the remuneration was to be in money, it is not necessary to declare specially; and the common indebitatus count is sufficient; 1 Chitty, pl. 840, Bul. N. 139; 1 Wils. 117. The right of Messick to recover, therefore, can not be defeated on the ground of his not having specially declared upon the contract with the appellant; and of course, the court below can not have erred in refusing to instruct the jury to find as in case of a nonsuit, unless there be some other objection to Messick’s right to recover, than those Which we have noticed.
Statement of the alleged variances.
But admitting the appellants liability for the price of the work, and admitting also, that there was no necessity for Messick to declare upon the contract specially, it is contended that, on the ground of variance between the counts contained in the declaration and the evidence, the instructions asked for by the appellant, should have been given by the court, to the jury, in disposing of this objection, it is barely necessary to look into the evidence, and compare it with the first count of the declaration. If there be a substantial variance between that count and the evidence, it will be conceded that, on account of the variance, the evidence is insufficient to support the second count. Is there then, a material variance between the first count and the evidence?
By adverting to that count, it will be perceived, that the appellant is alleged to be indebted to Messick, for work and labor done and performed, in laying one hundred and thirty-three perch of stone in the appellant’s wall; and by turning to the evidence, it will be found that the work and labor, for which a recovery is sought in this case, is proved to have been performed by Messick, under a contract with the appellant, in laying one hundred and thirty-nine perch of stone, in a wall upon the land of Mary Scott; so that if there be a substantial variance *538 between the evidence and the count, the variance must grow out of the disagreement between the evidence and the allegations of the count, as to whom the to all in which the stone, was laid belongs.
Variance between the quantity of work stated in the declaration as having been performed and that proved, is not material.
Count in indebetatus assumpsit, for work done on defendant’s wall, is substantially maintained by proof of work done on the wall of another——it was not necessary to allege on whose wall.
There is not, it is true, a perfect correspondence between the count and evidence, as to the number of perch laid by Messick, but it need scarcely be remarked, that a variance between the quantity of work proved, and that alleged as the consideration of the debt in an indebitatus count, has never been held fatal to the plaintiff’s right to recover.
With respect to the variance between the count and evidence, as to the wall, no reason is perceived why it should defeat a recovery by Messick. If Messick had declared specially upon the original contract with the appellant for the work, it might with great plausibility, at least, be said, that, as respects the liability of the appellant, the wall, which, under that contract, was put up by Messick, should have been treated as the appellant’s wall; and though proved to be upon the land of Mary Scott, the variance between the proof and declaration, in such a case, would be a variance in form only. But be that as it may, there can, we apprehend, be no reasonable doubt, but that the variance is not such as to preclude a recovery under an indebitatus count. The consideration of the debt, which, in such a count the defendant is always alleged to have undertaken and promised to pay, must, we know, be stated in the declaration," but the consideration is always executed, and need not he stated with the same precision and accuracy that is required in declaring upon executory contracts; nor is the same strictness required as to the proof necessary to support such counts. In this case, the work and labor performed by Messick, is stated to be the consideration of the debt which the appellant is alleged to have assumed to pay, and the count would undoubtedly, have been good, if, instead of describing the wall upon which the work was done, the declaration had barely slated in general terms the performance of work and labour by Messick at the appellant’s request. The allegation as to the wall is *539 not, therefore, an essential part of the declaration, and a variance between the evidence and that allegation, should not defeat a recovery.
Huggin for plaintiff; Barry for defendant.
The judgment must be aflirmed, with cost and damages.